ABLE INDUSTRIES, INC., Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, Hannelore D. Fischer, Robert L. Fowler, Palmer W. Scheperle, and Division of Employment Security, Respondents.

No. 39759.

Missouri Court of Appeals, Western District.

March 1, 1988.

The Stolar Partnership, H. Kent Munson, St. Louis, for appellant.

Sandy Bowers, Chief Counsel, Div. of Emp. Sec., Catherine J. Barrie, Counsel, Labor and Industrial Relations, Jefferson City, for respondents.

Before GAITAN, P.J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Able Industries appeals from a decision by the Labor and Industrial Relations Commission which found appellant liable for payment of unemployment compensation contributions on account of work performed by sewer and drain cleaners for customers of appellant. The circuit court affirmed the decision by the commission. We reverse.

The facts of the case are not in issue. As a part of its business, Able Industries offers the service of cleaning drains and sewers. It does not have, however, any regular employees to provide that service. Instead, when a customer requests assistance with a drain problem, appellant uses a list of contract sewer cleaners and arranges with one of them to go to the customer and provide the service. The list of such sewer contractors which appellant maintains varies from time to time because neither appellant nor any of the contractors has any permanent arrangement. The contractors on the list not only may decline at any time to continue the arrangement, but they also may refuse any particular referral. These contractors also do work for other customers and have no obligation to serve appellant exclusively.

In the event a contractor accepts a job to which he is referred by appellant, the contractor is instructed to tell the customer he represents appellant and is performing the work for Able Industries. A price list for services is given the contractors by appellant with the request that the charge made to the customer be in accordance with that schedule. Appellant provides no supervision on the job site and gives no instruction to the contractors regarding performance of the work. The tools and equipment used by the contractors are theirs and they pay all of their own expenses.

On these facts, the commission found appellant subject to payment of unemployment compensation contributions on the amount paid to the sewer contractors, construing such sums to be wages as that term is defined by § 288.036, RSMo 1986.[1] The basis for this conclusion was the commission's finding that the sewer contractors were not free from control over the performance of their work because (1) they were required to identify themselves as representatives of Able Industries, and (2)

---

1. All statutory references are to RSMo 1986.

they used a rate schedule established by Able Industries.

In view of the absence of any dispute on the facts, the issue in the case is whether the commission correctly applied the law to the facts, and more particularly, whether the two conditions imposed by Able Industries on contractors to which it referred sewer cleaning jobs are sufficient to establish that Able Industries exerted control and direction over performance of the services by the contractors.

The applicable statute is § 288.034.5, which states as follows:

Irrespective of the usual tests for determining the existence of the independent contractor relationship as at common law, service performed by an individual for remuneration shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the division that:

(1) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

(2) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

It is undisputed here that the sewer contractors do not work at all at any place of business of Able Industries and that such contractors own and operate their independent business establishments. The controversy, as noted above, is over item (1) in the statute, control or direction over performance of the sewer cleaning service.

Appellant cites and relies on *Ray Neal Distributors, Inc. v. Labor & Industrial Relations Commission*, 560 S.W.2d 364 (Mo.App.1977), as controlling authority for its contention that Able Industries did not control or direct the performance of the sewer cleaning work by the contractors. We agree.

In *Ray Neal*, the service was clean-up at construction jobs, window washing and general housecleaning. Workers were sought by advertisements and those willing to do the work signed contracts to be paid by the job. Ray Neal made the original job assignments, which could be accepted or rejected by the worker. The cleaning was to be accomplished to the customer's satisfaction from a check list supplied by the customers. The worker was paid at a rate of 60 to 75 percent of the charge made to the customer. The court found it to be determinative that nowhere in the arrangement did Ray Neal have the right to specify details of the work, to supervise the quality of performance or in any other way control the work. That was left to the customer who furnished the check-list and whose satisfaction was required. In consequence, the court determined that Ray Neal clean-up workers were free from control or direction over performance of the work and were independent contractors to the extent of the test in § 288.034.5(1).

The facts in the present case are even more persuasive than in *Ray Neal* where, in some types of work Ray Neal supplied equipment to the workers and where the workers were laborers as contrasted with persons, such as the sewer contractors here, who actually owned and operated independent businesses. In like manner to *Ray Neal*, the sewer contractors were answerable only to the customers for satisfactory job performance. So, too, did Able Industries not go upon the job sites and took no part whatever in defining the scope of the work or manner of performance.

The commission erred when it found that Able Industries controlled or directed the performance of the sewer and drain cleaning work by the contractors. It therefore follows, no dispute being raised over compliance by appellant with the conditions in § 288.034.5(2) and (3), that the pay to the sewer contractors is not subject to unemployment compensation contributions by Able Industries.

The commission contends the recent case of *First Affiliated Securities, Inc. v. La-*

*bor and Industrial Relations Commission,* 738 S.W.2d 495 (Mo.App.1987), decided by this court, supports the commission's finding as to Able Industries' sewer contractors and the obligation for unemployment compensation contributions. We do not agree. The workers in First Securities were licensees engaged to solicit sales of securities for First Securities as broker-dealer. The licensee was obligated to do business only with First Securities, all advertising and correspondence issued by the licensee was subject to prior approval by First Securities and First Securities was entitled to require the licensee to comply with all rules and procedures of First Securities. These facts demonstrated that First Securities controlled and directed performance of the work of the licensees in soliciting business for First Securities. There were no comparable facts in the present case and the cited case is therefore inapposite.

The judgment is reversed and the case is remanded to the circuit court with instructions to remand the proceeding to the commission for the purpose of entering its order consistent with the conclusion expressed in this opinion.

All concur.