**FIRST AFFILIATED SECURITIES, INC., Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI and Missouri Division of Employment Security, Respondents.**

**No. WD 38911.**

Missouri Court of Appeals, Western District.

Aug. 18, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 29, 1987.

Application to Transfer Denied Nov. 17, 1987.

Michael D. Hart, Michael A. Clithero, Peper, Martin, Jensen, Maichel and Hetlage, St. Louis, for appellant.

Susan P. Haag, Jefferson City, Sandy Bowers, for Missouri Div. of Employment Sec.

Alan J. Downs, Jefferson City, for Labor and Indus. Relations Comn.

Before KENNEDY, C.J., and MANFORD and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The appellant First Affiliated Securities (FAS), is a California corporation, and through five persons (licensee's), operates

in this state in the sale of securities. Through an agreement with FAS individual licensees offer and solicit the sales of securities to the public, through the exclusive auspices of FAS. FAS is a broker dealer registered with the National Association of Securities Dealers. The Division of Employment Security determined FAS to be an employer under § 288.032.2, RSMo 1978. That decision was affirmed by the Division's appeals tribunal, the Labor and Industrial Relations Commission, and the Circuit Court of Cole County. "Employer" and "Employment" are statutorily defined, and § 288.034.5, crucial to the ultimate issue here, sets out a three part test all part of which must be totally satisfied to establish a relationship of independent contractor as opposed to one of employment. The statutes are now set out:

288.032.2 After December 31, 1977, "employer" means:

(1) Any employing unit which in any calendar quarter in either the current or preceding calendar year paid for service in employment wages of $1,500 or more;

288.034.1. "Employment" means service, including service in interstate commence, performed for wages or under any contract of hire, written or oral, express or implied, and notwithstanding any other provisions of this section, service with respect to which a tax is required to be paid under any federal unemployment tax law imposing a tax against which credit may be taken for contributions required to be paid into a state unemployment fund or which, as a condition for full tax credit against the tax imposed by the Federal Unemployment Tax Act is required to be covered under this law.

288.034.5 Irrespective of the usual tests for determining the existence of the independent contractor relationship as at common law, service performed by an individual for remuneration shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the division that:

(1) *Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and*

(2) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(3) Such individual is customarily engaged in an independently established trade, occupation, profession or business. 288.036. "Wages" means all remuneration, payable or paid, for personal services including commissions and bonuses and, ... the cash value of all remuneration paid in any medium other than cash. Vacation pay and holiday pay shall be considered as wages for the week with respect to which it is payable.....:

(Emphasis added).

The appeals tribunal found FAS had not established the provision of lack of its control, § 288.034.5(1), resulting in an employment situation.

The facts are as follows:

The agreement between FAS and the Missouri licensees, refers to the licensees as "independent contractors." It appoints the licensees to offer and solicit sales of securities, utilizing only FAS facilities. The Licensee was to be paid on a commission basis. The Licensee was to handle all expenses, including office and clerical. FAS provided accounting and bookkeeping. The Licensee agreed to comply with all policies and procedures of FAS, and in solicitating business was to disclose he was doing so as a representatiave of FAS. All orders were to be placed with FAS. FAS is to approve all letterheads, advertising, and business done by the licensee, who agrees all telephone listings are to identify the licensee as affiliated with FAS. The agreement was terminable without cause. Introduced in evidence by FAS was a letter from the Internal Revenue Service which concluded FAS sales persons were not employ-

ees for the purpose of the Federal Unemployment Tax Act. The only witness at the hearing was the Chief Financial Officer of FAS. He testified the licensees were required to be in an exclusive relationship with FAS on sales of securities, but that 85% of all income was derived from business other than stock sales, from such things as insurance, banking and financial and tax planning investments.

The conclusion and judgment on which this case rests is whether in fact FAS had the requisite "control" over the licensees as stated in § 288.034.5 which would deem it as an employer. All these subsections of the statute must be met for the appellant FAS to justify its claim the licensees were independent contractors. *Heritage Exteriors, Inc. v. Labor & Indus. Rel., Comm'n,* 669 S.W.2d 625, 627 (Mo.App.1984); *RX Delivery Service, Inc. v. Labor & Indus. Rel. Comm'n,* 677 S.W.2d 936, 937 (Mo. App.1984). Under the standard of review set out in § 288.210, the findings of the commission as to facts, if supported by competent and substantial evidence, shall be conclusive and review shall be only as to matters of law. *Koontz Aviation, Inc. v. Labor & Indus. Rel. Comm'n,* 650 S.W.2d 331, 334 (Mo.App.1983).

These findings of fact were supported by competent and substantial evidence: (1) either party could terminate the agreement at any time without cause; (2) the licensee had to in advertising and on correspondence represent himself as a FAS representative and all such cards, listings, etc. had to be approved by FAS; (3) the licensee could do business only with FAS; (4) the licensee was to comply with all rules and procedures of FAS; (5) copies of all correspondence of the licensee to be provided to FAS; (6) the licensee could only place orders for securities through FAS.

These facts support the conclusion of control over the performance of service by FAS. FAS relies on *Ray Neal Distrib., Inc. v. Labor & Indus. Rel. Comm'n,* 560 S.W.2d 364 (Mo.App.1977), but it is factually different in that the alleged employer did not prepare a check list for the worker, but such quality control was contemplated by the customer on each job. *Id.* at 367. Despite uncontradicted evidence in the record which would show a lack of control, and a resultant relationship for which there would be no employment tax, there was competent and substantial evidence in the record to support the findings and the judgment must be affirmed.