**JMH CONSTRUCTION MANAGEMENT, INC., Respondent,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION, Appellant.**

No. WD 44008.

Missouri Court of Appeals, Western District.

April 2, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 28, 1991.

Application to Transfer Denied July 23, 1991.

Marilyn Green, Jefferson City, for Mo. Div. of Employment Sec.

James B. Crenshaw, Jefferson City, for Labor and Indus. Relations Com'n.

Paul G. Taylor, Webb City, for respondents.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

PER CURIAM.

This is a direct appeal from the circuit court, reversing a decision of the Labor and Industrial Relations Commission which decided that respondent was an employer, subject to the Missouri Employment Security Law under § 288.032, RSMo 1986. The ruling of the circuit court is reversed and remanded with direction to the circuit court to affirm the Labor and Industrial Relations Commission's decision.

Appellant Labor and Industrial Relations Commission's (hereinafter "Commission") sole point on appeal is that the circuit court erred in reversing the decision of the Commission because the decision of the Commission that effective July 1, 1985, respondent JMH Construction Management, Inc., became an employer subject to the Missouri Employment Security law was supported by competent and substantial evidence and was correct as a matter of law.

This matter originated from an administrative determination by the Missouri Division of Employment Security (hereinafter "Division") that claimant, Albert J. Blake IV, was entitled to wage credits in the amount of $3,822.00 and $1,925.00 for the first and second quarters of 1986, respectively, based upon service performed for wages in employment with JMH Construction Management, Inc. (hereinafter "JMH") and also from a related but separate determination by the Division that JMH became an employer subject to the Missouri Employment Security Law effective July 1, 1985, under the provisions of § 288.032, RSMo 1986, as amended.

JMH Construction Management, Inc., is a Missouri Corporation which, since 1979, has been in the business of providing individuals and group services to help manage construction projects.

In December of 1984, JMH contracted with Harvester Christian Church (hereinafter "Owner") to provide management services for the construction of a sanctuary and educational facility at the church, located in St. Peters, Missouri.

According to the contract between JMH and Owner, JMH would submit a "project budget" for all costs, including a management fee, for the construction of the project. The "project budget" was subject to the approval of Owner. The agreement further provided that JMH was to provide an on-site construction manager, a superintendent.

JMH's services were divided into two areas: (1) field management, which was responsible for the daily on-site supervision of the construction project, as well as providing tools and equipment; and (2) office management, which was responsible for overseeing the project, including scheduling, material acquisition, bidding, cost supervision and coordination with the Owner.

Field Management operations provided a full-time construction manager to supervise contractors, advise and aid in the purchase of materials, the hiring of craftsmen, and generally direct the process of construction on a day-to-day basis. All necessary permits were arranged for by the construction manager and paid for by the Owner. All instructions from the Owner to contractors and workmen were to be given to them only through the construction manager. While Owner was responsible for payment of all bills, no bill of a contractor, subcontractor, material supplies, or workman was to be paid without the approval of JMH.

All advertising for bids, bidding, contracts with bidding services and other types of contacts were to be handled by office management of JMH. An evaluation and check-out of prospective bidders was also handled by office management. All purchases, hiring, awarding of contracts, and similar transactions were undertaken in the name of Owner but subject to the approval of JMH. All purchase orders were to be signed by Owner but prepared by JMH. The office management of JMH was to arrange for worker's compensation and general liability insurance in the name of Owner, also naming JMH as an additional insured.

A deputy of the Division determined that effective July 1, 1985, JMH became an employer subject to the Missouri Employment Security law. JMH appealed the deputy's determination and a hearing was held before an Appeals Referee, who reversed the deputy's decision.

The Division then filed an Application for Review with the Commission. The Commission issued its decision, reversing the Appeals Referee and entered findings as follows:

> JMH Construction Management, Incorporated, became effective July 1, 1985, an employer subject to the Missouri Employment Security Law under the provisions of Section 288.032, RSMo.

> The Commission concludes that in fact the church, being the owner, had no authority under the contract or in fact to hire, supervise, set wages or salaries or pay bills without direct authorization and approval of JMH. The control exercised by JMH is inconsistent with its position that its role was limited to management construction.

> To allow JMH to avoid liability for the payment of unemployment security taxes and to allow the church to also be exempt from the payment of such taxes because of its tax exempt status would defeat the purposes of the Missouri Employment Security Law. The Commission concludes that JMH was in fact acting as a general contractor and is liable for the payment of required employment security contributions beginning July 1, 1985.

JMH filed its Petition for Review in the Circuit Court of Cole County. On August 27, 1990, the Circuit Court issued its order reversing the decision of the Commission. This timely appeal followed.

Judicial review of decisions of the Commission in employment security matters is governed by Section 288.210, RSMo 1986. The section provides in pertinent part:

In any judicial proceeding under this section, the findings of the Commission as to the facts, is supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. Such actions and the questions so certified shall be heard in a summary manner and after the hearing the court shall enter an order either affirming the decision of the commission or remanding the cause to the commission for further proceedings not inconsistent with the declaration of law made by the court.

■■■■ It is the function of this court to review the decision of the Commission and decide whether upon the whole record the Commission could have reasonably made its finding and reached its result. *Meyer v. Industrial Commission of Missouri*, 240 Mo.App. 1022, 223 S.W.2d 835 (1949). In determining the sufficiency of the evidence, such evidence must be considered in the light most favorable to the findings, together with all reasonable inferences which may be drawn therefrom to support it; that the court must disregard all opposing and unfavorable evidence. *Neely v. Industrial Commission of Missouri*, 379 S.W.2d 201, 204 (Mo.App.1964). The courts are not to substitute their judgment on the evidence for that of the Commission, but may set aside a decision of the Commission only if such a decision is clearly contrary to the overwhelming weight of the evidence. *Meyer, supra; LaPlate v. Industrial Commission of Missouri*, 367 S.W.2d 24, 27 (Mo.App.1963).

■■■ One of the general purposes of the Employment Security law is to provide for the compulsory setting aside of unemployment reserves to be used for the benefits of persons unemployed through no fault of their own. § 288.020, RSMo 1986. The legislature has specifically declared that this law is to be liberally construed to accomplish that purpose. § 288.020.2, RSMo 1986. Generally, the tax provisions of a statute are strictly construed against the taxing authority. However, the tax provisions of the Employment Security law "are incidental to its paramount and remedial purpose of relief and a liberal construction of 'employer' and 'employment' is warranted to secure that purpose." *Beal v. Industrial Commission*, 535 S.W.2d 450, 458 (Mo.App.1975).

The statutes pertinent to the resolution of this case are:

288.030.1(14) "Employing unit" means any individual or type of organization, including the legal representatives thereof, which has or, subsequent to June 17, 1937, had in its employ one or more individuals performing services for it within this state.

288.032.1(2) Any employing unit which for some portion of a day in each of twenty different calendar weeks, whether or not such weeks were consecutive, in either the current or the preceding calendar year, had in employment at least one individual (irrespective of whether the same individual was in employment in each such day)....

288.034 Employment defined.—1. "Employment means service, including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied,....

■■■ Based upon the whole record, the Commission could have reasonably found that JMH was an employer subject to the Missouri Employment Security law effective July 1, 1985. The Commission found that JMH, not the Owner, was the employer. The Commission entered the following finding of fact:

JMH determines the salary which will be paid to all workmen through checks drawn on the church. JMH through its construction manager directed and supervised all workmen and subcontractors throughout the project in their day to day activities. The church was prohibited from issuing any directions or instructions to the workers or from paying any worker or subcontractor or invoice un-

less and until such payment was approved by JMH. Most construction equipment at the site, including wheelbarrow, ladders, etc., were labeled as property of JMH. JMH through its construction manger had to approve the hiring of all craftsmen and other workers.

According to the contract entered into between Owner and JMH, JMH hires, fires, supervises and sets wages. JMH was in charge of supervising contractors, hiring workers, and directing the construction of the project on a day-to-day basis. The contract further stated that all instruction from Owner to contractors and workmen were to be given to them solely through the construction manager. It was reasonable, therefore, for the Commission to determine that JMH was any employer under the statute.

Chapter 288 does not require that an individual receive a paycheck from an entity in order to be considered its employee. That an entity need not issue a paycheck to be considered an employer is equally applicable. Under Chapter 288, an employer is an employing unit which employs, § 288.030.1(14), an individual for some portion of the day in each of twenty different calendar weeks, § 288.032.1(2). Employment is defined as a service performed for wages. § 288.034.1. Given the facts above, that JMH set wages, hires and fires workers, it is clear that JMH is an employer under the Missouri Employment Security Law. The Commission's decision is supported by competent and substantial evidence and is therefore conclusive upon this court.

The order of the circuit court is herein reversed and this case remanded to the circuit court with instructions to reinstate the Commission's decision.