James Guy TUCKER, Appellant,

v.

The LABOR AND INDUSTRIAL RELATIONS COMMISSION and the Division of Employment Security, Respondents.

No. WD 44204.

Missouri Court of Appeals,
Western District.

July 16, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1991.

Application to Transfer Denied
Oct. 16, 1991.

Helmutt Starr, Seuthaus & Kaplan, St. Louis, Joseph J. Lyman, Lyman & Rales, Washington, D.C., for appellant.

Marilyn Green, Sandy Bowers, Jefferson City, for Missouri Div. of Employment Sec.

Victorine R. Mahon, Jefferson City, for Labor and Industrial Relations Com'n.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

. TURNAGE, Judge.

James Guy Tucker was assessed for contributions, interest, and penalties by the Division of Employment Security. His appeal was denied at the administrative level and also by the circuit court. On this appeal Tucker contends that the assessment

was improper because the persons the Division found to be his employees are not properly classified as employees under the law. Affirmed.

In July, 1988, a deputy in the Division determined pursuant to § 288.130.3, RSMo Supp.1988, that certain individuals and others similarly situated performed services and employment on behalf of Tucker. A notice of the determination was mailed to Tucker as required by § 288.130.3. That section allowed Tucker 15 days to file an appeal. Such statute further provides that in the absence of an appeal the determination shall become final at the expiration of the 15 day period.

When Tucker did not appeal the determination the Division notified Tucker in August, 1988, that it had assessed him for contributions, interest, and penalties for the year 1987, and the first two quarters of 1988 in the amount of $13,632.69. The assessment was made pursuant to § 288.-160.2, RSMo 1986. Pursuant to subdivision four of that section Tucker filed a petition for reassessment. The ground upon which Tucker sought a reassessment was that the individuals found to be employees were not in fact employees because they were exempt under § 288.034.12(16), RSMo Supp. 1988. Tucker is in the business of selling vacuum cleaners and he contended that the persons found to be employees were not properly classified as employees because they solicited sales in the homes of prospective customers and met the other grounds for exemption.

The appeals tribunal found on Tucker's petition for reassessment that Tucker had failed to appeal from the determination that the individuals involved were employees and that such determination had become final. Tucker appealed to the Labor and Industrial Relations Commission which denied his application for review and thereby adopted the finding and decision of the appeals referee. Section 288.200.1, RSMo 1986. Tucker appealed to the circuit court which affirmed the decision of the Commission.

■ In this court Tucker again attempts to raise the question of the correctness of the determination made in July, 1988, that the individuals involved were employees. Unfortunately, Tucker is not in a position to question that determination. Section 288.130.3 provides "[i]n the absence of an appeal any such determination shall become final at the expiration of a fifteen-day period." Thus, the determination that the individuals involved were employees became final at the end of the 15 day period after Tucker was notified of the deputy's determination that the individuals were employees of Tucker.

■ Even though Tucker did not file an appeal within 15 days of being notified of the determination, he still had the opportunity for review. Section 288.130.4 provides that the 15 day period could have been extended for good cause shown. Further, § 288.130.3 provides that the deputy may at any time within a year from the date of the determination, for good cause, reconsider the determination. Thus, Tucker had the opportunity to appeal the determination within 15 days after he was notified that it had been made, or he could have asked for an extension of the 15 day period within which to appeal by showing good cause, or he could have shown good cause and requested a reconsideration within one year of the date of the determination. Tucker did not avail himself of any of these opportunities to challenge the determination. In *Greater Kansas City Baptist & Community Hosp. Assoc v. Div. of Emp. Sec.*, 583 S.W.2d 247, 248 (Mo.App. 1979), this court held that when no appeal is taken the deputy's determination becomes final.

It follows that Tucker may not raise the question of the employment status of the individuals involved for the first time in his petition for reassessment because their status as employees was finally determined when Tucker failed to avail himself of any of the opportunities the law gave him to challenge the determination. The petition for reassessment in § 288.160.4 is limited to the making of the assessment and the calculations involved. It does not extend to a review of the status of the individuals and whether or not they are employees.

Tucker may not challenge the assessment on the basis that the individuals involved were not employees under the law.

Tucker makes no other challenge to the assessment. The judgment affirming the action of the Division in making the assessment is affirmed.

All concur.