**DIVISION OF EMPLOYMENT SECURITY, State of Missouri, Appellant,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, and Commerce Brokerage Service, Inc., Respondents.**

**No. WD 48792.**

Missouri Court of Appeals, Western District.

June 21, 1994.

Sharon Ann Willis, Kansas City, for appellant.

John B. Keller, Jefferson City, for Labor & Indus. Relations Com'n.

Mary Courtney Koger, Kansas City, for Commerce Brokerage Services.

Before TURNAGE, P.J., and FENNER and ELLIS, JJ.

FENNER, Judge.

Appellant, Missouri Division of Employment Security (the Division), appeals the judgment of the circuit court which affirmed the judgment of respondent, Labor and Industrial Relations Commission (the Commission). The Commission found that respondent, Commerce Brokerage Services, Inc. (Commerce Brokerage), is not a liable employer subject to the Missouri Employment Security Law effective March 2, 1993.

Commerce Brokerage is a wholly owned subsidiary of Commerce Bancshares, Inc. (Commerce Bancshares). All management, accounting, payroll, billing and other administrative and financial operations of Commerce Brokerage are conducted by and integrated with those of Commerce Bancshares. Commerce Bancshares handles all of the hiring, firing and other personnel functions of Commerce Brokerage. Commerce Bancshares and Commerce Brokerage have en-

tered into a management agreement under which Commerce Bancshares provides personnel to operate the business of Commerce Brokerage for an agreed sum.

The question presented herein is which entity, Commerce Bancshares or Commerce Brokerage, is liable as an "employer" under the Missouri Employment Security Law with respect to the individuals in question. This is relevant to the parties herein because if the individuals in question are considered employees of Commerce Brokerage, rather than Commerce Bancshares, the pertinent tax rate is higher.

■ On appeal, we review the decision of the Commission, not the judgment of the Circuit Court. *Chilton v. Labor & Industrial Relations Comm'n,* 805 S.W.2d 722, 723 (Mo.App.1991). Questions of fact are for the Commission. The Commission's findings of fact are conclusive, in the absence of fraud, if supported by substantial and competent evidence. *Id.* However, questions of law are for the reviewing court. *Kansas City Club v. Labor & Industrial Relations Comm'n,* 840 S.W.2d 273, 275 (Mo.App.1992).

■ On appeal, the Division argues that the circuit court erred in finding that the relevant employer was Commerce Bancshares and not Commerce Brokerage. The Division argues that this determination is inconsistent with the Missouri Employment Security Law, Chapter 288, RSMo 1986. The Division argues that the Missouri Employment Security Law does not allow combined reporting of wages by separate business entities and that affiliated corporations are not allowed to report wages under a "common paymaster." [1]

As relevant herein, section 288.032.1(1), RSMo Supp.1993, defines an employer as "[a]ny employing unit which in any calendar quarter in either the current or preceding calendar year paid for service in employment wages of one thousand five hundred dollars or more...." Section 288.030.1(14), RSMo Supp.1993, defines an employing unit, in rele-

vant part, as any "type of organization ... which has ... in its employ one or more individuals performing services for it within this state." Section 288.034.1, RSMo Supp. 1993, defines employment, in relevant part, as "service ... performed for wages or under any contract of hire...."

In the case at bar, there is no dispute that the individuals in question are employees under the Employment Security Law. The issue in this case is whether these individuals are employees of Commerce Brokerage or Commerce Bancshares.

In *JMH Construction Management, Inc. v. Labor & Industrial Relations Commission,* 810 S.W.2d 521 (Mo.App.1991), a dispute arose as to whether JMH Construction Management, Inc. (JMH), was an employer subject to the Missouri Employment Security Law. JMH was in the business of providing individuals and group services to help manage construction projects. *Id.* at 523. JMH contracted with Harvester Christian Church (the Church) to provide management services for the construction of a church facility. *Id.* at 523. JMH was responsible for supervision of the construction project, including hiring of craftsmen, for relaying all instructions to the contractors from the Church, and for the approval of all bills on the project. *Id.* at 523. JMH handled all bidding functions and the awarding of contracts by the Church was subject to the approval of JMH. *Id.* at 523. Pursuant to the contract between JMH and the Church, JMH had responsibility to hire, fire, supervise and set wages. *Id.* at 525. JMH determined the salary to be paid to all workmen through checks drawn on the Church. *Id.* at 524.

In deciding whether JMH or the Church was the "employer" under the Missouri Employment Security Law, the court in *JMH Construction,* looked at the question of control and chiefly the authority to hire, fire and set wages. *Id.* at 525. The court determined that JMH exercised control over the

1. The parties agree that a "common paymaster" is permitted for payment of federal unemployment taxes. The Federal Unemployment Tax Act was amended in 1977 to provide that if two or more related corporations concurrently employ the same individual, and compensate the individual through a common paymaster that is one of the corporations, the group of corporations will be considered to be a single employer.

worker in question and therefore was his employer.[2]

Similarly, in *First Affiliated Securities v. Labor & Industrial Relations Commission*, 738 S.W.2d 495 (Mo.App.1987), the court focused on the control factor in determining whether licensed securities salesmen were employees of the broker, First Affiliated Securities, for purposes of unemployment compensation. The court determined that the facts supported the finding of control over performance of service of the brokers, and affirmed the decision of the Commission finding First Affiliated Securities to be an employer under the Missouri Employment Security Law. *Id.* at 497.

Although neither *JMH Construction* nor *First Affiliated Securities* directly addresses the question presented herein in regard to application of the Missouri Employment Security Law to subsidiary corporations, they are instructive. The issue presented in *JMH Construction* most closely resembles the issue presented in the case at bar. In both *JMH Construction* and the case at bar, the decisive issue is which of two entities, each having some responsibility for personnel, is to be considered as the employer for purposes of the Missouri Employment Security Law. We find the determination of which entity exercised control over personnel, on the basis of the facts as determined by the Commission, to be decisive.

■ Nonetheless, the Division argues further that section 288.100, RSMo Supp.1993, mandates that a separate account be maintained for each separate business entity. We do not find the language of section 288.100 to

so direct. Rather, section 288.100.1(1) directs, in relevant part, that "[t]he division shall maintain a separate account for each employer." Therefore, the Division need not maintain an account for an entity that is not an employer.[3] The status of the entity as an employer, not its legal status as a corporation, is the relevant issue for purposes of the Missouri Employment Security Law.

■ The Division also argues that the Missouri Employment Security Law does not allow affiliate corporations to report wages under a "common paymaster." The Division argues that some states specifically allow a "common paymaster" for purposes of the Employment Security Law, but since Missouri does not, the Division is required to set each *"employer"* with its own account number. However, as determined herein, Commerce Brokerage is not an employer for purposes of the Missouri Employment Security Law. Furthermore, although the Missouri Employment Security Law does not specifically authorize a "common paymaster" scheme, it does not prohibit it where an affiliate corporation is the "employer" under the Missouri Employment Security Law.

There was substantial and competent evidence for the Commission to determine that Commerce Bancshares exercised control over the employees in question and was the "employer" for purposes of the Missouri Employment Security Law. The evidence reflected that the parties had a management agreement whereby for a fee Commerce Bancshares provided all of the personnel to operate the business of Commerce Brokerage. Additionally, Commerce Bancshares per-

---

**2.** The Division argues that *JMH Construction*, 810 S.W.2d 521, supports its position because the court held that the fact that JMH did not pay the worker was not controlling. *Id.* at 525. In other words, an entity can be an employer even though it does not issue a pay check. The Division argues that this supports its position that Commerce Brokerage was the employer even though the employees were paid by Commerce Bancshares.

We do not find the Division's argument persuasive because, as addressed in this opinion, *JMH Construction* found the decisive factor to be control. We believe the facts, as determined by the Commission, reflect that Commerce Bancshares exercised control over the employees.

**3.** The Division also argues under its first point that regulations of the National Association of Securities Dealers, Inc. (NASD), are relevant to the question presented herein. However, the NASD regulations were not part of the record before the Commission. Therefore, we cannot consider the NASD regulations on appeal. The Division has not provided any authority to the contrary.

Additionally, in somewhat the same vein, the Division asks that we consider the decision of a referee of the Appeals Tribunal of the Division in another case. Once again, this decision was not before the Commission under the record herein and even if it were, it would not serve as precedent before this court.

formed all management, administrative, financial and personnel functions including hiring, determination of wages, and firing of Commerce Brokerage personnel.

The judgment of the circuit court is affirmed.

All concur.