**Deanne H. and Elizabeth A. ARLEDGE, Dependents of William A. Arledge, II, Deceased, Appellants,**

v.

**PROGRESSIVE TIRE DISTRIBUTION, Employers Insurance of Wausau, Respondents.**

**No. WD 51833.**

Missouri Court of Appeals, Western District.

April 30, 1996.

Rehearing En Banc Denied July 2, 1996.

Gary D. Rappard, Kansas City, for appellant.

Patricia J. Kampsen, St. Louis, for respondent.

Before EDWIN H. SMITH, P.J., and BRECKENRIDGE and ELLIS, JJ.

SMITH, Presiding Judge.

Appellants, Deanne H. Arledge and Elizabeth A. Arledge, appeal from a final award of the Labor and Industrial Relations Commission of Missouri determining workers' compensation benefits and attorney fees on a claim arising from William A. Arledge, II's death. Appellants assert three points on appeal: 1) the Labor and Industrial Relations Commission acted without or in excess of its powers when the Commission failed to approve or reject the proposed settlement agreement between appellants and respondents regarding the credit against future workers' compensation benefit payments due to the third party recovery; 2) the Commission acted without or in excess of its powers pursuant to sections 287.490 and 287.495 RSMo.1986 by failing to set a hearing date to determine the dependency status of Elizabeth A. Arledge; and, 3) the Commission erred in awarding attorney's fees to Mr. Rappard, appellants' attorney, of $5,000 which was so inadequate and unreasonable as to constitute an abuse of discretion.

FACTS

William A. Arledge, II was employed as a warehouse driver by Progressive Tire Distribution located in Kansas City, Missouri. On July 28, 1994, Mr. Arledge was operating in the course and scope of his employment a vehicle owned by his employer when he was involved in a motor vehicle accident near Jetmore, Kansas, which resulted in his death. Mr. Arledge is survived by two dependents, the appellants; his widow, Deanne H. Arledge, and his daughter, Elizabeth A. Arledge, born on June 6, 1977.

Appellants retained attorney Gary Rappard to represent them in their workers' compensation claims and their third party action. Mr. Rappard negotiated a settlement of any and all issues in the third party matter without proceeding to trial. This settlement was presented to and approved by the District Court of Wyandotte County, Kansas.

Appellants and respondents negotiated an agreement with respect to the subrogation interest asserted by the respondents. This agreement included the amounts of recovery to be paid to respondents from the proceeds of the third party recovery and the amounts due to appellants which shall be credited against future workers' compensation benefit payments. These credits amount to $75,-308.32 as applied to Deanne Arledge and $75,308.32 as against future benefits possibly due to Elizabeth Arledge. Mr. Rappard recovered attorney's fees in the amount of $114,485.77 and expenses in the amount of $6,542.69 for a total of $121,028.46.

A workers' compensation hearing was held before the Honorable Mark Siedlik on May 5, 1996. In his award, Judge Siedlik found that Mr. Arledge died as a result of injuries sustained while in the course and scope of his employment. He further found appellants to be dependents under the Missouri workers' compensation laws. He noted the credit as-

serted by respondents and ruled that any future benefits due to the dependents shall not be due until such time as credits under the third party recovery have been exhausted. Five thousand dollars in attorney's fees were awarded to Mr. Rappard for legal services rendered in the workers' compensation case.

Appellants timely filed an Application for Review to the Labor Industrial Relations Commission. On October 3, 1995, the Labor and Industrial Relations Commission issued its final award allowing compensation. In affirming the award of the ALJ, the Commission ruled that the ALJ's award was supported by competent and substantial evidence. Appellants timely filed a notice of appeal.

## STANDARD OF REVIEW

■ We review the decision of the Commission, not the judgment of the Circuit Court. *JMH Constr. Management, Inc. v. Labor & Indus. Rel. Comm'n,* 810 S.W.2d 521, 524 (Mo.App.1991). Our review is limited to determining whether the Commission could have reasonably made such findings and reached the result it did and we will not set aside the Commission's decision unless it is clearly against the weight of the evidence. *Id; Lawson v. Emerson Elec. Co.,* 833 S.W.2d 467, 471 (Mo.App.1992). In determining the sufficiency of the evidence, we consider only those facts and inferences favorable and consistent with the Commission's decision. *JMH Constr.,* 810 S.W.2d at 524; *Lawson,* 833 S.W.2d at 471. Questions of law are reserved for the independent judgment of the reviewing court. *Cabool v. Mo. State Bd.,* 689 S.W.2d 51, 54 (Mo. banc 1985).

## I.

■ In point I, appellants claim the Labor and Industrial Relations Commission acted without or in excess of its powers when it failed to approve or reject the proposed settlement agreement between appellants and respondents regarding the credit against future workers' compensation benefit payments due to the third party recovery. Appellants contend § 287.150 requires such finding. We

agree. Section 287.150.3 provides in pertinent part:

... any part of the recovery paid to the employee or his dependents under this section *shall* be treated by them as an advance payment by the employer on account of any future installments of compensation in the following manner:

(1) The total amount paid to the employee or his dependents *shall* be treated as an advance payment if there is no finding of comparative fault on the part of the employee ... (emphasis added).

"The use of 'shall' in a statute is indicative of a mandate to act. The general rule is that use of 'shall' is mandatory and not permissive." *Welch v. Eastwind Care Ctr.,* 890 S.W.2d 395, 397 (Mo.App.1995). In *Ruediger,* the Missouri Supreme Court held that respondents are entitled to a credit against any future workers' compensation benefit payments when there has been a recovery against a third party responsible for the injury or death of the covered employee. *Ruediger v. Kallmeyer Bros. Service,* 501 S.W.2d 56, 59 (Mo. banc 1973).

Appellants argue the Commission exceeded its power by failing to state in its order whether it accepted or rejected the proposed settlement agreement regarding the dollar amount of the respondent's workers' compensation credit for either or both appellants and the number of weeks of credit. The findings of fact and conclusions of law included in the June 12, 1995 order provide the following:

The compensation payable under this Award is subject to a credit of any compensation previously paid by the employer and insurer. Compensation payable after the date of this Award shall be on the basis of every four weeks, two ahead, two behind, except for any amount due to date. The employer and insurer has asserted a third party case credit pursuant to civil action arising out of this matter and benefits payable under this Award shall not begin until such time as the allocation of benefits have exceeded the credit already due for third party recovery.

Respondents agree that the award is silent as to the amount of the credits and suggest that the order be remanded to the Commis-

sion ordering that an award be entered by the Commission adopting or approving the parties agreement as to the separate credit amounts and the expected date the amounts will be exhausted.

It is unclear from the record the exact amount the Commission accepted as the appropriate credit against future workers' compensation benefit payments. The exact credit amount is necessary to determine when future workers' compensation benefits are to commence. The Commission did adopt the award of the ALJ which specified the weekly payment amount of $287.96 comprised of $191.98 payable to Deanne and $95.98 payable to Elizabeth, so with the credit amount, the payment starting and ending date could be computed. In order to clear this up, we reverse and remand to the Commission to determine the amount which shall be treated as an advance payment.

## II.

In point II, appellants assert the Commission acted without or in excess of its powers pursuant to sections 287.490 and 287.495, RSMo 1986, by violating the statutory provisions on hearings and discovery in failing to set a hearing date when the issue of dependency due to limited mental capacity of Elizabeth A. Arledge is to be determined. Appellants set forth their argument in two subpoints which we will address.

### A. Hearing Determining Dependency Status of Elizabeth Ann Arledge

Section 287.450 provides in pertinent part "If the employer and employee or his dependents do not agree in regard to compensation payable under this chapter ... [a]fter application has been received, the division shall set a date for a hearing, which shall be as soon as practicable ..." Mo.Rev.Stat. § 287.450 (Cum.Supp.1993). A hearing on the issue of dependency of Elizabeth Ann Arledge was scheduled for June 27, 1995, and canceled on the basis that the matter was premature. Elizabeth turned eighteen, the age of majority, on June 6, 1995. However, she will not graduate from high school until at least June, 1996, and continues to be a dependent until such time as she completes high school. Mo.Rev.Stat. § 287.240 (1994).

Appellant argues that the ALJ should have set a hearing date in his order and that a hearing be scheduled for a date in July, 1996, after Elizabeth's proposed graduation date. The statute does not mandate that a hearing be set immediately or preclude the ALJ from setting a hearing date at a later time. The credit applied to future workers' compensation benefit payments from the third-party recovery will continue until at least the year 2000. Even if Elizabeth is determined a lifetime dependent, no harm is incurred if her dependency hearing is not held immediately after her graduation because she would not be entitled to receive workers' compensation benefit payments until at least the year 2000 since they are superseded until the credit amount runs out. We hold that a determination of Elizabeth Ann Arledge's dependency status is not mandated at the current time and the ALJ did not err by failing to set a hearing date in his order dated June 12, 1995.

### B. Subpoena Duces Tecum

Next, we address appellants' argument that a subpoena duces tecum should be ordered now to allow time for discovery in case the hearing date is set for July, 1996. Appellants assert that § 287.560 supports this proposition. Section 287.560 provides in pertinent part "... Any party shall be entitled to process to compel the attendance of witnesses and the production of books and papers, and at his own cost to take and use depositions in like manner as in civil cases in the circuit court ..." Mo.Rev.Stat. § 287.560 (Cum.Supp.1993). Appellants' reliance on Section 287.560 is misplaced.

Section 287.560 does not require the issuance of a subpoena duces tecum before a hearing date is set. Having already held that the dependency hearing was not currently mandated, it follows that the issuance of a subpoena duces tecum is also not currently mandated. Therefore, the ALJ did not err by failing to issue a subpoena duces tecum to compel the production of records in the June 12, 1995 order. Point denied.

### III.

■ In point III, appellants assert the Commission erred in awarding an attorney fee to Mr. Rappard, appellants' attorney, that is so inadequate and unreasonable as to constitute an abuse of discretion. We find no abuse.

■ An attorney fees award by the Commission will be reversed only when it is established that the allowance was so inadequate and so unreasonable to constitute an abuse of discretion. *Faulkner v. St. Luke's Hosp.,* 903 S.W.2d 588, 594 (Mo.App.1995); *Page v. Green,* 758 S.W.2d 173, 175 (Mo.App. 1988). "The determination of a fair and reasonable fee involves a balancing of many interests. The fee certainly cannot be arbitrarily set and must be supported by evidence in the record regarding the necessity, reasonableness, and fairness of the fee." *Page,* 758 S.W.2d at 176, *quoting* Dean Timothy J. Heinsz, in Missouri Workers' Compensation (Law and Practice) § 21–2, p. 200, (1984). This standard gives the appellate court little room to "second guess" the Commission. *Faulkner,* 903 S.W.2d at 594.

■ "On appeal, we view the evidence in a manner favorable to the decree and disregard contradictory evidence." *Porath v. McVey,* 884 S.W.2d 692, 693 (Mo.App.1994). When the parties do not request and the court makes no findings of fact or conclusions of law, all fact issues are considered to have been determined in accordance with the result reached. *Id.* at 693–94. We find the same rule applies here where the findings of fact and conclusions of law do not address the issue.

Appellants assert the ALJ used the amount of attorney's fees awarded in the third party claim as a credit against the total amount of attorney's fees earned. We do not agree. The appellants bear the burden of demonstrating the ALJ abused his discretion in considering the award of the third party attorney's fees as a credit. There is no evidence in the record to support the proposition that the ALJ credited third party attorney's fees against workers' compensation attorney's fees.

We believe the real issue here is one of identification by the ALJ of which services should be billed to the third party claim and which should be billed to the workers' compensation claim. Before making an award of attorney's fees, the ALJ had to identify the amount of time spent on the workers' compensation claim. The time sheets submitted by Mr. Rappard are not categorized identifying the amount of time expended on the third party claim as opposed to the amount for the workers' compensation claim. Thus, the evidence on the record can be interpreted to reach two different results, one of which was adopted by the ALJ.

On appeal, the evidence must be viewed in a light favorable to the decree and fact issues are deemed resolved in accordance with the result reached. *Porath,* 884 S.W.2d at 693–94. Because we view the evidence favorable to the decree, there is nothing in the record to support an abuse of discretion by the ALJ indicating he arbitrarily set the attorney's fee at $5,000 and did not consider the necessity, reasonableness, and fairness of such fee. Nothing in the record warrants a finding that substantially more time was spent by appellants' attorney working on the workers' compensation case that would cause us to find an abuse of discretion in the award of attorney's fees. Point denied.

### CONCLUSION

We affirm the decision of the Commission, except as to the settlement agreement which we reverse and remand with directions for the Commission to enter a finding consistent with the evidence as to the amount of credits to be applied to future workers' compensation benefit payments and the date the amount is projected to run out triggering payment of workers' compensation.

All concur.