**SPORTSTICKER ENTERPRISES, L.P., Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. WD 54339.

Missouri Court of Appeals, Western District.

Feb. 10, 1998.

Juan D. Keller, Ann R. Sachar, Bryan Cave, St. Louis, for appellant.

Sharon A. Willis, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and HOWARD and RIEDERER, JJ.

ULRICH, Chief Judge, Presiding Judge.

SportsTicker Enterprises, L.P., appeals the decision of the Labor and Industrial Relations Commission ("Commission") affirming the decision of the Division of Employment Security ("Division") upholding an assessment against SportsTicker Enterprises ("SportsTicker") under section 288.160, RSMo 1994, authorizing the Division to assess contributions, interest and penalties if an employer neglects or refuses to report and pay contributions to the Division as provided by law. The issue presented is whether SportsTicker can challenge the Commission's 1996 assessment for persons it claims are employees of SportsTicker and whom SportsTicker asserts are independent contractors when SportsTicker failed or declined to challenge 1995 Commission employer tax assessments against it. SportsTicker raises two issues on appeal. SportsTicker contends that the Commission erred in (1) adopting the decision of the Division where SportsTicker was not bound by the Division's determination that SportsTicker's workers were employees rather than independent contractors because the Division's prior 1995 determination involved different tax quarters and different workers; and (2) failing to remand the case to the Division to make findings of fact and conclusions of law regarding whether the workers at issue where properly treated as independent contractors rather than employees. The decision of the Commission is reversed, and the case is remanded.

## FACTS

SportsTicker is the instant news and information service of ESPN, Inc. and supplies ESPN news and information regarding different sports events. SportsTicker employs individuals to attend the games and provide SportsTicker with statistics, scores and quotes; these individuals are called "string-

ers." SportsTicker provides the stringers with general instructions regarding the information to be reported; however, the stringers do not receive any specific training. SportsTicker pays stringers $40.00 per game. Stringers are permitted to use substitute reporters without obtaining permission from SportsTicker. SportsTicker then pays the substitute reporters directly. SportsTicker considers the stringers part-time workers and does not forbid them from working for other entities. For federal tax purposes, stringers are considered independent contractors.

The Division of Employment Security ("Division") notified SportsTicker on October 24, 1995, that the Division had determined that pursuant to section 288.130.3, RSMo 1994, SportsTicker was an employer subject to the Missouri Employment Security Law during the second and third quarters of 1995 with respect to David Norris, a stringer. The Division assessed SportsTicker for delinquent taxes under section 288.160, RSMo 1994, in the amount of $142.24. The assessment was based on the Division's determination that Mr. Norris was an employee rather than an independent contractor. SportsTicker elected not to invoke procedure to contest the assessment of the delinquent 1995 second and third quarter taxes. SportsTicker sent the Division a letter dated November 2, 1995, however, protesting the Division's determination of employer liability and asserting reservation of its rights as to all future claims. SportsTicker remitted the sum of $142.24 for its alleged liability on July 3, 1996, and again protested the determination of employer liability and expressed reservation of all rights to future claims.

The Division assessed SportsTicker for delinquent taxes for the first and second quarters of 1996 on August 1, 1996, in the amount of $102.85. SportsTicker submitted a timely petition on August 28, 1996, contesting the assessment. SportsTicker contended that the individuals in question for the first and second quarters of 1996, the stringers, were not employees and, therefore, SportsTicker was not liable for delinquent taxes. The petition further stated that the returns filed by SportsTicker for the first and second quarters of 1996 were filed erroneously in that the employees referenced on the returns were not employees of SportsTicker but rather were independent contractors. SportsTicker filed a request for an in-person hearing on October 11, 1996, to determine SportsTicker's liability as an employer.

A hearing was held before the appeals tribunal of the Division regarding SportsTicker's petition. After presentation of the evidence, the appeals tribunal affirmed the assessment based on *Tucker v. Labor and Indus. Relations Comm'n*, 815 S.W.2d 37 (Mo.App.1991). Despite the assessment for the two quarters of 1995 having been for a person other than those for which assessment was made in 1996, the appeals tribunal stated that SportsTicker "may not now challenge the assessment on the basis that the individuals in question were not employees within the meaning of Missouri Employment Security Law" due to SportsTicker's failure to raise the question of employment status when it was assessed delinquent taxes for the second and third quarters of 1995.

SportsTicker filed an application with the Commission for review of the appeals tribunal's decision on March 5, 1997. The Commission issued an order on April 11, 1997, affirming the decision of the appeals tribunal and adopting the appeals tribunal's decision as the decision of the Commission. This appeal followed.

### STANDARD OF REVIEW

On appeal, the decision of the Commission, not the judgment of the circuit court is reviewed. *Division of Employment Sec. v. Labor & Indus. Relations Comm'n of Mo.*, 878 S.W.2d 490, 492 (Mo.App.1994). Questions of fact are for the Commission. *Id.* The Commission's findings of fact are conclusive, in the absence of fraud, if supported by substantial and competent evidence. *Id.* The appellate court reviews the decision of the Commission and decides whether, upon the whole record, the Commission could have reasonably made its finding and reached its result. *JMH Const. v. Labor and Indus. Relations Comm'n*, 810 S.W.2d 521, 524 (Mo. App.1991). In determining the sufficiency of the evidence, such evidence is considered in

the light most favorable to the findings, together with all reasonable inferences which may be drawn therefrom to support it. *Id.* The reviewing court must disregard all opposing and unfavorable evidence and may not substitute its judgment on the evidence for that of the Commission. *Id.* The Commission's decision may only be set aside if the decision is clearly contrary to the overwhelming weight of the evidence. *Id.* Questions of law, however, are for the reviewing court and warrant *de novo* review. *Id.*

## I. SPORTSTICKER MAY CHALLENGE THE DIVISION'S DETERMINATION OF 1996 FIRST AND SECOND QUARTER EMPLOYER LIABILITY

■ As its first issue on appeal, SportsTicker contends that the Commission erred in adopting the decision of the appeals tribunal finding that SportsTicker was an employer and, hence, liable for delinquent taxes.[1] SportsTicker specifically contends that it was not bound by the Division's determination that the stringers were employees rather than independent contractors because the Division's determination addressed the second and third quarters of 1995 while the assessment at issue is for the first and second quarters of 1996, thus involving different tax periods and different individuals. The Commission counters that applying *Tucker v. Labor and Indus. Relations Comm'n*, 815 S.W.2d 37 (Mo.App.1991), SportsTicker has relinquished its right to challenge the Division's determination of employer liability as to the first and second quarters of 1996 due to SportsTicker's failure to appeal the Division's determination of employer liability for the second and third quarters of 1995.

In *Tucker*, an alleged employer, Mr. Tucker, appealed an assessment of delinquent taxes by the Division of Employment Security. *Id.* The Division had determined, pursuant to section 288.130.3, RSMo 1994, that certain individuals performed services as Mr. Tucker's employees. *Id.* at 38. Mr. Tucker had failed to appeal the determination of employer liability within the statutory period and,

therefore, the determination became final. *Id.* After the Division notified Mr. Tucker that it had assessed him for delinquent taxes in the amount of $13,632.69, Mr. Tucker filed a petition for reassessment asserting that the individuals found to be employees were not properly classified as they were exempt under section 288.034.12, RSMo 1994. *Id.* The court disagreed, however, and affirmed the decision of the Labor and Industrial Relations Commission denying Mr. Tucker's application for review. *Id.* The court reasoned:

> It follows that [Mr.] Tucker may not raise the question of employment status of the individuals involved for the first time in his petition for reassessment because their status as employees was finally determined when [Mr.] Tucker failed to avail himself of any of the opportunities the law gave him to challenge the determination. The petition for reassessment in § 288.160.4 is limited to the making of the assessment and the calculations involved. It does not extend to a review of the status of the individuals and whether or not they are employees.

*Id.*

In contrast to the employer in *Tucker*, SportsTicker preserved its right to challenge the Division's determination of employer liability under section 288.130.3 as to the first and second quarters of 1996. After the Division assessed SportsTicker for delinquent taxes for the first and second quarters of 1996, SportsTicker submitted a timely petition contesting the assessment and the Division's determination of employer liability. In contrast to the employer in *Tucker*, SportsTicker, therefore, availed itself of the opportunity to challenge the determination of employer liability and was entitled to review of the status of the stringers to determine whether they were employees or independent contractors.

■ While SportsTicker failed to appeal the Division of Employment Security's finding that it was an employer and subject to taxation as such for the second and third

---

1. The Division asserts that SportsTicker's points relied on fail to comply with Rule 84.04(d). As the Division fails to address in which ways SportsTicker's points are deficient and fails to raise this issue in a separate point, it will not be addressed.

quarters of 1995, under *Tucker*, that failure prevented it from challenging its employer status as to the second and third quarters of 1995 only. Taxes under section 288.130.3 are levied on a quarterly basis. § 288.130.3, RSMo 1996. Although no case in Missouri is directly in point, analysis of a similar claim regarding federal tax liability is helpful. The United States Supreme Court has determined that each federal income tax period is the origin of a new liability and of a separate cause of action. *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719–20, 92 L.Ed. 898 (1948). The principle in *Sunnen* is applicable in this case. Failure to challenge adjudication of tax liability for a tax period does not necessarily estop the tax payer from contesting tax liability for a subsequent tax period. Applying the same principle to this case, a party's failure to appeal a finding of employer liability, thus, results in a waiver of the right to appeal for that tax period only. SportsTicker's failure to appeal the determination of employer liability for 1995 tax quarters did not, therefore, waive its right to appeal determination of employer tax liability for subsequent tax periods.

▆▆▆ The Commission contends, however, that SportsTicker is collaterally estopped from challenging determination of employer tax liability. Collateral estoppel, defined as issue preclusion, precludes the same parties or those in privity from relitigating issues that have been previously litigated. *ASARCO, Inc. v. McNeill*, 750 S.W.2d 122, 127 (Mo.App.1988). In *Sunnen*, the United States Supreme Court explained the effect of collateral estoppel in tax cases as follows:

> Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit. Collateral estoppel operates, in other words, to relieve the government and the taxpayer of 'redundant litigation of the identical question of the statute's application to the taxpayer's status.'

*Sunnen*, 333 U.S. at 598–99, 68 S.Ct. at 719–20. To determine whether collateral estoppel applies, the court must examine four factors: (1) whether the issue in the present case is identical to the issue in the prior case; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted is the same party or in privity with a party from the prior case; and (4) whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior case. *State ex rel. Haley v. Groose*, 873 S.W.2d 221, 223 (Mo. banc 1994); *State ex rel. Malan v. Huesemann*, 942 S.W.2d 424, 429 (Mo.App.1997); *Curnutt v. Scott Melvin Transport, Inc.*, 903 S.W.2d 184, 191 (Mo.App.1995).

Collateral estoppel does not preclude SportsTicker from challenging the determination of employer liability for the first and second quarters of 1996. An essential element of collateral estoppel is that the prior adjudication resulted in a judgment on the merits. *Id.* The requirement of a judgment on the merits suggests both litigation and a resulting judgment. *Id.* To successfully invoke the doctrine of collateral estoppel, the legal issue presented must, therefore, have been raised in a judicial forum. Here, SportsTicker never raised the contested issue of employer tax liability under section 288.160 in a judicial forum. Instead, SportsTicker chose to pay the assessment of delinquent taxes for 1995. Contrary to the Commission's assertion, the legal issue of employer tax liability for tax periods subsequent to 1995 quarters was not decided simply because SportsTicker paid the assessment of delinquent taxes for 1995 quarters. Because the determination of employer liability in 1995 was not the result of litigation and

**914**

a resulting judgment, no judgment on the merits occurred, and collateral estoppel does not apply.[2] The Commission, therefore, erred in adopting the decision of the appeals tribunal of the Division finding that SportsTicker could not challenge its employer liability as to the first and second quarters of 1996. Point one is granted.

## II. SPORTSTICKER IS ENTITLED TO DETERMINATION OF EMPLOYER TAX LIABILITY BY THE DIVISION

SportsTicker contends as its second issue on appeal that it is entitled to determination of whether the stringers are employees or independent contractors. SportsTicker first urges this court to make a *de novo* determination that SportsTicker properly treated the stringers as independent contractors. In the alternative, SportsTicker asks that the case be remanded for the Division to make findings of fact and conclusions of law with respect to whether the stringers were properly treated as independent contractors.

Appellate courts lack jurisdiction to make *de novo* determination regarding an employer's liability under Missouri Employment Security Law. Appellate courts' *de novo* review is limited to questions of law. *JMH*, 810 S.W.2d at 524. Whether an entity is liable for payment of taxes as an employer under Missouri Employment Security Law is a question of fact for the Labor and Industrial Relations Commission. *See Division of Employment Sec.*, 878 S.W.2d at 493 (holding Commission's determination of employer liability was finding of fact supported by competent and substantial evidence); *JMH*, 810 S.W.2d at 524 (same); *First Affiliated Sec., Inc. v. Labor and Indus. Relations Comm'n of Mo.*, 738 S.W.2d 495, 497 (Mo.App.1987) (same). Appellate courts, therefore, review an employer's liability under Missouri Employment Security Law only to decide whether upon the whole record the Commission could have reasonably made its finding and reached its result. *JMH*, 810 S.W.2d at 524. SportsTicker's liability as an employer, therefore, is a question of fact for the Com-

mission. SportsTicker, thus, is not entitled to *de novo* determination by this court of its employer status.

SportsTicker, however, is entitled to determination of employer tax liability by the Division. Section 288.130.3 requires the Division to grant a hearing before an appeals tribunal to any entity appealing from the ex parte determination of employer tax liability. § 288.130.3, RSMo 1996. At this hearing, the entity is entitled to present evidence to challenge the ex parte determination of employer liability and to have a decision made regarding whether the determination of employer tax liability is supported by the evidence. *See JMH*, 810 S.W.2d at 523 (assessing determination of employer liability based on evidence employer introduced at hearing before appeals tribunal of Division to challenge determination of employer liability made by deputy of Division); *First Affiliated Sec.*, 738 S.W.2d at 497 (same). Here, SportsTicker timely appealed the deputy's ex parte determination of employer tax liability. SportsTicker, therefore, was entitled to an opportunity to present evidence to the appeals tribunal of the Division to challenge the deputy's determination of employer tax liability and to have the appeals tribunal of the Division determine whether the assessment of employer tax liability was correct. The appeals tribunal, however, failed to make the requisite determination due to its erroneous finding that SportsTicker had waived its right to appeal the determination of employer tax liability. The case, therefore, is remanded to the Division for determination of whether the stringers are independent contractors or employees. Point two is granted.

The decision of the Commission is reversed, and the case is remanded to the Commission for action consistent with this opinion.

All concur.

---

**2.** Because the second element of collateral estoppel—the requirement of a judgment on the merits, was not satisfied and, hence, collateral estoppel may not apply—determining whether the elements (1) and (3–4) were satisfied is unnecessary.