

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| JAMIE MARX, | ) | No. ED111992 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| v. | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | Filed: June 25, 2024 |

## Introduction

Jamie Marx ("Marx") appeals the Labor and Industrial Relations Commission's order affirming the Division of Employment Security's denial of Marx's petition for reassessment. On appeal, Marx argues the Commission's decision was not supported by substantial and competent evidence. We affirm the decision of the Commission.

## Factual and Procedural Background

### Facts

We borrow some of the facts from Marx's first appeal to this Court in *Marx v. Division of Employment Security*, 666 S.W.3d 252 (Mo. App. E.D. 2023):

Marx became unemployed in September 2019 following the sale of his employer company, Sachs Properties. On an unknown date, Marx filed his initial claim for unemployment benefits.

1

Marx alleged that, during that time, he "faithfully complied with all reporting requirements and submitted weekly claims, including work search information and acknowledgment of my continued unemployment." Marx submitted weekly claims through his "UInteract" account. "UInteract" is the online website of the Missouri Division of Employment Security, where claimants of unemployment benefits have their own accounts. *See Harden v. Div. of Emp. Sec.*, 655 S.W.3d 796, 798 n.3 (Mo. App. S.D. 2022). Between May 3, 2020 and October 10, 2020, Marx was paid unemployment benefits pursuant to the CARES Act of 2020 and the Missouri Employment Security Law.

*Ineligibility and Overpayment Determinations*

On December 9, 2020, a deputy with the Division determined Marx had not provided information about his work status. The deputy determined Marx had been ineligible for benefits since April 26, 2020 for not meeting registration or reporting requirements. Then, on August 12, 2021, a deputy determined Marx was overpaid benefits from May 9, 2020 to October 10, 2020, during the period for which Marx had been found ineligible for benefits. The deputy determined Marx was overpaid $2,790.00 in benefits. Marx appealed these determinations to the Division's Appeals Tribunal, the Labor and Industrial Relations Commission, and to this Court.

*Untimely Appeal of Ineligibility and Overpayment Determination*

This Court previously found Marx's appeal to the Appeals Tribunal of the ineligibility determination was untimely by nearly a year, and his appeal of the overpayment determination was approximately three months out of time. *Marx*, 666 S.W.3d at 254, 258. Thus, the Commission properly dismissed Marx's appeal of the ineligibility and overpayment determinations. *Id.* at 258. As a result of the untimely appeal, the Division's determinations became final 30 days after the deputy made the determinations.

## Procedural History

After the expiration of the thirty-day period following the Division's ineligibility and overpayment determinations, the Division served Marx with a Notice of Order of Assessment of Overpaid Benefits via certified mail on November 12, 2021. Marx received the Notice. Marx had also received all of the $2,790.00 in overpaid benefits and had not repaid any of that amount. In response to receiving the Notice, Marx timely filed a petition for reassessment on December 6, 2021.

On June 7, 2023, the Appeals Tribunal held a hearing on Marx's petition for reassessment. During this hearing, Marx admitted receiving the Notice of Order of Assessment via certified mail. Marx also admitted he did not repay any of the overpaid benefits.

On June 21, 2023, the Appeals Tribunal denied Marx's petition for reassessment. The Appeals Tribunal found that a Division deputy had previously determined Marx was ineligible for benefits from April 26, 2020 due to a failure to provide information to the Division. Marx had filed a late appeal of the deputy's determination, the Appeals Tribunal had dismissed the untimely appeal, and the deputy's determination had been made final. Additionally, the Tribunal found that a deputy had previously determined that Marx was overpaid benefits for the period of August 2, 2020 through October 10, 2020, in the amount of $2,790.00 because he was paid during a period of ineligibility.[1] Marx had filed an untimely appeal of the overpayment determination, and the Appeals Tribunal had dismissed the appeal on February 24, 2022. The overpayment determination had been made final.

---

[1] Marx does not challenge on appeal the Tribunal's determination of the specific date on which he became ineligible for benefits.

In reviewing the petition for reassessment, the Appeals Tribunal analyzed whether Marx's Notice of Order of Assessment was properly served and calculated. The Tribunal concluded that the Division properly served Marx with the Notice by certified mail on November 12, 2021. Further, the Tribunal concluded that Marx "received the entirety of the $2,790.00 in overpaid benefits that are the subject of the Order of Assessment and the claimant has made no payments that would have reduced the assessed amount." Finally, the Tribunal found "no credible evidence that shows that the assessment was improperly made or that it should be recalculated." The Appeals Tribunal denied the petition and affirmed the Order of Assessment.

Marx appealed the Appeals Tribunal's decision to the Labor and Industrial Relations Commission. The Commission affirmed the decision of the Appeals Tribunal and adopted the decision as its own.

Marx now appeals to this Court.[2]

## Discussion

On appeal, Marx argues the Commission's decision denying his petition for reassessment is not supported by substantial and competent evidence.

### Standard of Review

Judicial appellate review of the Commission's decision in an unemployment case is governed by Section 288.210,[3] which provides:

---

[2] The Division urges us to dismiss Marx's brief for failure to follow the briefing requirements of Rule 84.04. While Marx's briefing appears to be deficient, "our preference is to resolve cases on the merits." *Southside Ventures, LLC v. La Crosse Lumber Co.*, 574 S.W.3d 771, 783 n.4 (Mo. App. W.D. 2019). "To the extent we are able to understand the nature of the claim[s] presented," and the Division was "able to understand and effectively address those claim[s] in its responsive brief, we exercise our discretion to review [Marx's] claims *ex gratia*." *Id*. (quoting *C.S. v. Mo. Dep't of Soc. Servs.*, 491 S.W.3d 636, 644 n.9 (Mo. App. W.D. 2016)).

[3] All statutory references are to RSMo (2000), as amended, unless otherwise indicated.

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

In the absence of fraud, the Commission's factual findings are conclusive and binding if supported by competent and substantial evidence. *Burns v. Lab. Indus. Rels. Comm'n,* 845 S.W.2d 553, 554-55 (Mo. banc 1993); *McCabe v. ADP Total Source FL XVIII, Inc.,* 653 S.W.3d 420, 423 (Mo. App. E.D. 2022). "We will affirm the Commission's decision if we find, upon a review of the whole record, that there is sufficient competent and substantial evidence to support the Commission's decision." *McCabe,* 653 S.W.3d at 423-24 (quoting *Smith v. Greyhound Bus Co.,* 477 S.W.3d 55, 59 (Mo. App. E.D. 2015)).

<u>Analysis</u>

The only issue before this Court is whether the Commission's denial of Marx's petition for reassessment is supported by competent and substantial evidence. Our review of the Commission's decision denying the petition for reassessment is "limited to the making of the assessment and the calculations involved." *Tucker v. Labor Indus. Rels. Comm'n*, 815 S.W.2d 37, 38 (Mo. App. W.D. 1991).

Our review does not include the previous ineligibility and overpayment determinations, which Marx erroneously asks us to review. *Id.* In this case, the Commission, in adopting the

5

Appeals Tribunal's decision, found both the December 2020 ineligibility determination and the August 2021 overpayment determination were final. Marx was required to file his appeal within 30 days of the ineligibility and overpayment determinations. *See* 8 C.S.R. § 10-5.10(5)(C).[4] As this Court previously determined, Marx failed to file his appeal within 30 days of the determinations, and they thus became final upon the expiration of the 30-day period. *See Marx*, 666 S.W.3d at 258. On that basis, the Commission's factual finding here that the determinations were final is supported by substantial and competent evidence.

Also, the Commission found no credible evidence that the assessment should be recalculated. The Commission, in adopting the Appeals Tribunal's decision, found that Marx "received the entirety of the $2,790.00 in overpaid benefits." This amounted to $310 per week for nine weeks. Marx had not repaid any of the overpaid benefits, and the amount of the assessment was correct. Substantial and competent evidence thus supports the Commission's decision that the assessment was correct and is not to be recalculated.

Finally, substantial and competent evidence likewise supports the Commission's finding that the Division properly served Marx with the Notice of Order of Assessment via certified mail on November 12, 2021. *See* Section 288.160.3; *Div. of Emp't Sec. v. Cusumano*, 809 S.W.2d 113, 114 (Mo. App. E.D. 1991). First, the record indicates the Division in fact mailed the Notice of Order of Assessment. Second, before the Appeals Tribunal, Marx fully admitted he received the Notice of Order of Assessment.

In sum, substantial and competent evidence supports the Commission's decision denying Marx's petition for reassessment. The point is denied.

**Conclusion**

---

[4] All regulatory references are to C.S.R. (2023).

For the foregoing reasons, we affirm the decision of the Commission.

_____
Cristian M. Stevens, J.

Robert M. Clayton III, P.J., and
Philip M. Hess, J., concur.