SCOTT COUNTY REORGANIZED SCHOOL DISTRICT R–V, a/k/a Scott County R–V Public Schools, Respondent,

v.

DIVISION OF EMPLOYMENT SECURITY, Labor and Industrial Relations Commission and Debra Buster, Appellants.

No. 47208.

Missouri Court of Appeals, Eastern District, Southern Division.

April 10, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Susan P. Haag, Jefferson City, for appellants.

Bruce Alan Lawrence, Sikeston, for respondent.

CRIST, Judge.

The Circuit Court of Cape Girardeau County reversed a decision of the Labor and Industrial Relations Commission that claimant was not disqualified for unemployment benefits by reason of her separation from work at the Scott County R–V Public Schools. We reverse the judgment of the circuit court with instructions to order the cause remanded to the Labor and Industrial Relations Commission for further proceedings consistent with this opinion.

The Scott County School District had employed claimant as a substitute school teacher at various times between February 12 and April 20, 1979. Claimant had her name placed on the school district's substitute teacher list in January of that year. The school district would call claimant if and when it needed a substitute for one of its regular teachers.

In the Fall of 1979, claimant caused her name to be removed from the substitute teacher list, informing school district she had secured full-time employment elsewhere. In May of 1980, claimant apparently was laid off from her full-time job due to lack of work. In June of 1980 claimant applied for unemployment benefits.

Our review is of the decision made by the Labor and Industrial Relations Commission. Section 288.210, RSMo 1978; *Union-May-Stern Co. v. Industrial Commission,* 273 S.W.2d 766, 768 (Mo.App.1954). The Commission adopted the decision of the Appeals Tribunal as its own because it refused school district's application for review of the Appeals Tribunal decision. See § 288.200, RSMo 1978.

Following a hearing, and after setting out the facts, the Appeals Tribunal made the following decision: "The deputy's determination is modified. The Claimant is not disqualified for benefits by reason of her separation from work on April 20, 1979."

We are constrained by the inadequacy of the record before us to reverse the circuit court's decision with instructions to remand for further administrative proceedings. School district initially and continually protested claimant's eligibility for unemployment benefits. See generally, § 288.040, RSMo 1978. The Commission's decision, affirming the deputy's determination, concerns only whether claimant is disqualified for benefits due to her separation from work at the school district. See § 288.050, RSMo 1978.

A determination a claimant is not disqualified from receiving unemployment benefits is not tantamount to a determination that the claimant is eligible for benefits. The problem in the present case is the failure of the Appeals Tribunal to require compliance with the mandate concerning benefit determinations contained in § 288.070(2):

2. A deputy shall promptly examine each initial claim and make a determination of the claimant's status as an insured worker. Each such determination shall be based on a written statement showing the amount of wages for insured work paid to the claimant by each employer during his base period and shall include a finding as to whether such wages meet the requirements for him to be an insured worker, and, if so, the first day of his benefit year, his weekly benefit amount, and the maxi-

mum total amount of benefits which may be payable to him for weeks of unemployment in his benefit year. The deputy shall in respect to all claims for benefits thereafter filed by such individual in his benefit year make a written determination as to whether and in what amount the claimant is entitled to benefits for the week or weeks with respect to which the determination is made.

None of the findings required by the statute have been made or appear in the record before us.

 Without an initial determination of eligibility, the Commission's decision lacks finality and prevents our review, for it leaves us with only hypothetical situations to consider. The determination that claimant is "not disqualified" for benefits does not resolve the initial question of whether claimant is otherwise eligible.

The judgment of the circuit court, including the assessment of costs against appellants, is reversed. The cause is remanded with instructions to remand to the Labor and Industrial Relations Commission for a determination regarding claimant's eligibility.

DOWD, C.J., and REINHARD, J., concur.