Diana CHILTON, Plaintiff–Respondent,

v.

**LABOR AND INDUSTRIAL RELA-
TIONS COMMISSION OF
MISSOURI, Appellant,**

and

**Mineral Area Regional Medical Center,
Missouri Division of Employment
Security.**

No. 59000.

Missouri Court of Appeals,
Eastern District,
Division One.

March 19, 1991.

James B. Crenshaw, Jefferson City, for appellant.

Linzie L. Leftridge, Jr., Flat River, for plaintiff-respondent.

KAROHL, Judge.

The Labor and Industrial Relations Commission appeals from the judgment of the circuit court which held Diana Chilton (claimant) was entitled to unemployment benefits because she did not voluntarily leave her employment. The court found she was unaware of a change in policy the

employer put into effect at the time claimant made her request for leave of absence which allowed her employer to replace claimant and require reemployment only if there was a job opening when claimant was ready to return. The court reversed the decision of the Commission denying claimant unemployment benefits. On appeal the Commission alleges the court erred by: (1) substituting its view of the facts for those of the Commission contrary to § 288.210 RSMo 1986; and (2) ignoring the applicable rule of law that one who takes a leave of absence for personal reasons, with no unconditional guarantee of reemployment, voluntarily quits their employment. We reverse and remand:

At the time of her hearing claimant was an employee of the Mineral Area Regional Medical Center. On June 12, 1989, claimant requested a leave of absence for three months for back surgery. Claimant's reason for requesting the leave was not attributable to her work as an outpatient emergency room registration clerk or to her employer. Claimant signed and dated the request form and submitted it to her employer. Mr. Marler, the patient accounts manager, granted claimant's leave of absence after typing the following conditions on her request form.

> The above request for a Leave of Absence is being approved with the following understanding.
>
> 1) A replacement employee will be hired for [claimant].
> 2) When [claimant] is released to return to work, she will be offered the first available position for which she is qualified.
> 3) The position which will be offered *may* not be in the same section or department where she presently works.

Mr. Marler informed claimant her request for leave would be granted with the above conditions.

Claimant took her leave of absence, underwent surgery and informed Mr. Marler on August 14, 1989, she was released to return to work on August 15, 1989. Mr. Marler told claimant no position was avail-

able. Claimant filed for unemployment benefits the same day.

The deputy determined claimant was discharged because of a lack of work and entitled to an award of compensation. Employer appealed on the theory claimant voluntary quit her job knowing she might not have a job when she returned to work. After a hearing, the appeals tribunal reversed the award of the deputy concluding that claimant voluntarily quit working for her employer on June 15, 1989, but not for good cause attributable to the work or to the employer. The Commission affirmed the decision of the appeals tribunal and adopted the decision as its own. (Robert L. Fowler dissenting).

Claimant filed a petition for judicial review. The circuit court reviewed the record and outlined certain facts which it felt the Commission did not consider. The outcome determinative fact found by the court is that claimant was not aware of the change in policy, which the employer evidently put into effect at the time claimant made her request for leave of absence. On appeal the Commission contends the circuit court erred by exceeding the scope of its review in substituting its judgment for that of the Commission on disputed evidentiary matters. We agree.

 We review the decision of the Commission, not the judgment of the circuit court. *IXL Mfg. v. Labor and Indus. Relations Comm'n*, 679 S.W.2d 903, 904 (Mo.App.1984). Questions of fact are for the Commission. The Commission's findings "if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive ..." in any judicial proceeding. § 288.210 RSMo 1986.

 Whether claimant was aware of the conditions imposed upon her leave of absence was an issue of fact. The Commission heard the testimony from Mr. Marler and claimant regarding whether claimant was aware of the conditions imposed upon her leave and decided in favor of the employer. The resolution of conflicting testimony is a matter for the Commission to decide and is binding upon the reviewing court. *Id.* at 905. Hence, the circuit court

erred in substituting its judgment for that of the Commission.

■ In its second point on appeal, the Commission alleges the circuit court erred in reversing the decision of the Commission because the court ignored the applicable rule of law that one who takes a leave of absence for personal reasons, with no unconditional guarantee of reemployment voluntarily quits their employment. *Wimberly v. Labor and Indus. Relations Comm'n,* 688 S.W.2d 344 (Mo. banc 1985) *aff'd,* 479 U.S. 511, 107 S.Ct. 821, 93 L.Ed.2d 909 (1987); *Lake v. Labor and Indus. Relations Comm'n,* 781 S.W.2d 207 (Mo.App.1989). The Commission further alleges the court erred because it relied upon the dissenting opinion of Justice Blackmar in *Wimberly.*

"[T]he term 'leave of absence' means that the employee is given permission to be absent from work for a certain time, at the expiration of which the employee will return to his employment status." *Trail v. Indus. Comm'n,* 540 S.W.2d 179, 182 (Mo. App.1976). Here, there is a leave of absence mutually agreed upon and defined by the employer and claimant. Claimant requested a three month leave and the parties agreed claimant's leave would end when two conditions were met: (1) claimant was released to return to work, and (2) employer had an available position for which claimant was qualified.

On August 15, 1989, claimant obtained a release. However, as of October 5, 1989, the date of the hearing before the appeals tribunal, employer still did not have an available position for which claimant was qualified. The Commission argues claimant was not on a true leave of absence because claimant was not guaranteed reemployment; therefore, claimant quit her job June 15, 1989. Claimant argues she was on a true leave of absence, was guaranteed employment, and the actions of employer caused claimant to be unemployed as of August 15, 1989. Given the facts found by the Commission as set forth above, we find claimant is not entitled to an award of unemployment benefits.

Employer did not discharge claimant on August 15, 1989, because claimant agreed her leave of absence which began in June 1989 would terminate when she was able to work *and* a job became available. *But see Trail,* 540 S.W.2d at 179 (leave contemplated rehire at same position when pregnancy ended). Nor did claimant voluntarily quit her job on June 15, 1989, when employer agreed to offer claimant, upon her release, the first available position for which claimant was qualified. *But see Wimberly,* 688 S.W.2d at 344 (claimant left work on a maternity leave without a guarantee of reemployment at the end of the leave period). *Lake,* 781 S.W.2d at 207 (leave of absence without guarantee of reemployment). *Div. of Employment Sec. v. Labor and Indus. Relations Comm'n,* 617 S.W.2d 620 (Mo.App.1981) (right to return to work was contingent upon job availability). Thus, at the time of hearing claimant was on leave of absence until she notified employer of her intention to quit, was offered the next available position and refused to accept it, or until employer failed to offer claimant the next available position.

We reverse and remand with directions that the trial court enter a judgment affirming the Commission.

PUDLOWSKI, P.J., and GRIMM, J., concur.