Doris J. ALLEN, Respondent,

v.

GREEN RIDGE R–VIII SCHOOL
DIST., et al.,

Labor and Industrial Relations
Commission, Appellants.

No. WD 49417.

Missouri Court of Appeals,
Western District.

Nov. 15, 1994.

Melanie Gurley Keeney, St. Louis, for appellant Green Ridge R–VIII.

Victorine R. Mahon, Jefferson City, for appellant Labor and Indus. Relations Com'n.

Julius F. Wall, Clinton, for respondent.

Before FENNER, C.J., P.J., and HANNA and LAURA DENVIR STITH, JJ.

FENNER, Chief Judge.

The Labor and Industrial Relations Commission (the Commission) and Green Ridge R–VIII School District (Green Ridge), employer, appeal from the judgment of the circuit court which held that claimant, Doris J. Allen, was entitled to unemployment benefits because she did not voluntarily leave her employment without good cause. Reversed and remanded.

A deputy for the Missouri Division of Employment Security initially determined that Allen was not disqualified for unemployment benefits. Green Ridge appealed that determination and the Appeals Tribunal reversed the deputy's decision and found that Allen had voluntarily abandoned her employment without good cause. Allen filed an application for review with the Commission which adopted the Appeals Tribunal's findings and affirmed its decision. Allen then appealed to the circuit court which reversed the decision of the Commission denying Allen unemployment benefits after finding that the Commission's decision was not supported by competent and substantial evidence and was in error as to an issue of law. On appeal, the Commission and Green Ridge argue that the circuit court improperly substituted its view of the facts for those of the Commission contrary to section 288.210, RSMo 1986, and erred as a matter of law in finding that Allen's contract was for personal services which could not be assigned.

Allen was employed by Green Ridge as a para-professional and her last assignment had been to act as a personal teaching assistant to Aaron Naylor, a second grade blind student. Allen worked under a one-year contract with Green Ridge which paid her $8,091.57 for nine months work.

In October, 1992, Aaron moved to the Sedalia School District. At the request of Green Ridge, Allen agreed to continue working with Aaron temporarily in Sedalia as Sedalia had no available personnel to work with Aaron. Allen continued to receive her regular salary from Green Ridge plus reimbursement for transportation to Sedalia. The Sedalia school was approximately 11 miles farther from Allen's home in Windsor than the Green Ridge school at which she had been working. Green Ridge received a partial reimbursement for Allen's salary and transportation costs from Sedalia.

On November 15 or 16, 1992, the Green Ridge school board voted to reassign Allen permanently to work in Sedalia. On November 17th, Allen met with Dr. Judy Brown, Superintendent of the Green Ridge School District, and Ben Franklin, Supervisor of Special Education at the Sedalia School District. At this meeting, Brown informed Allen that the school board had decided to reassign Allen permanently to Sedalia. Franklin presented Allen with the following options: (1) Allen could resign her position with Green Ridge and take a position with Sedalia at a salary of $5,949, (2) she could accept the reassignment and continue working at Sedalia but under the Green Ridge contract, or (3) she could resign.

Allen informed Franklin that she did not want to work in Sedalia, so Sedalia proceeded to hire a replacement for Allen. On November 30th, Allen returned to Green Ridge at which time Brown informed her that Allen no longer had a job with Green Ridge but Brown would attempt to find her a position. When Allen arrived to work on December 1, 1992, Brown told Allen there was no job for

her there and Allen proceeded to file for unemployment benefits.

The circuit court held that the Commission's finding that Allen "knew that by ceasing her work at the Sedalia School District, she was voluntarily abandoning her employment" was not supported by substantial and competent evidence. The circuit court also found that the Commission erred as a matter of law in not determining that Allen's contract was one for personal services which could not be assigned without her permission.

■ Although this cause is appealed from the circuit court, we review the decision of the Commission. *Kansas City Club v. Labor & Industrial Relations Comm'n,* 840 S.W.2d 273, 274 (Mo.App.1992). This court's review is limited to determining whether there is competent and substantial evidence on the whole record to support the Commission's decision and whether it is authorized by law. *Id.;* § 288.210, RSMo 1986. An appellate court must view the evidence in the light most favorable to the findings and decision of the Commission and must disregard all opposing and unfavorable evidence. *Pulitzer Publishing Co. v. Labor & Industrial Relations Comm'n,* 596 S.W.2d 413, 417 (Mo. banc 1980). As the ultimate factfinder, the Commission could believe all, none or any part of the testimony of the interested parties. *Chemtech Industries, Inc. v. Labor & Industrial Relations Comm'n,* 617 S.W.2d 121, 123 (Mo.App.1981).

■ Relying on the testimony of Brown and Franklin, the Commission found that Allen was clearly informed of her three choices which in effect required either an agreement to work in Sedalia or her resignation. Brown also testified that she told Allen the only job that Green Ridge had for her was in Sedalia. Allen's testimony was conflicting as to whether she was informed that one of her options was reassignment in Sedalia under her existing contract with Green Ridge. At one point, Allen testified that at the November 17th meeting Brown told her she had been reassigned, but Allen also testified that there was no discussion of permanent reassignment under the continued employ of Green Ridge. However, Allen later

admitted that on November 30th Brown told her that there was no job for her in Green Ridge as she had been reassigned to Sedalia.

Aside from some of Allen's testimony, there was other evidence which contradicted the Commission's finding. Specifically, the circuit court found persuasive a statement made during the following exchange:

> Allen's counsel: And do you recall telling her at the time she went that she would have a job when she came back to Green Ridge, if she didn't—
>
> Brown: I—I have always said she would have a job, yes.

Appellants argue that this statement is subject to interpretation and may have meant that Allen would always have a job with Green Ridge but not necessarily in Green Ridge. Allen claims that this statement proves Allen did not believe she was resigning her position by refusing reassignment to Sedalia.

■ Even if the evidence would warrant either of two findings, the courts are bound by the Commission's determination and the existence of contrary evidence is irrelevant. *Pulitzer Publishing Co.,* 596 S.W.2d at 420. Additionally, whether or not Allen knew that the only work available to her was in Sedalia was an issue of fact. *See Chilton v. Labor & Industrial Relations Comm'n,* 805 S.W.2d 722, 723 (Mo.App.1991) (finding that whether claimant was aware that acceptance of conditions imposed on her leave of absence amounted to resignation was issue of fact). While there was evidence contrary to the Commission's finding, there was substantial and competent evidence presented which showed that Allen did know that the only work Green Ridge had available for her was in Sedalia. Consequently, the circuit court failed to give proper deference to the Commission's findings, and the Commission's determination that Allen voluntarily left her position with Green Ridge should have been affirmed.

■ Once it is determined that Allen left her position voluntarily, it becomes necessary to determine if her resignation was for "good cause." This is a question of law and we are

**638**

not bound by the Commission's determination. *St. John's Regional Medical Center v. Labor & Industrial Relations Comm'n*, 814 S.W.2d 698, 700 (Mo.App.1991). "Good cause" is defined as "instances where the unemployment is caused by external pressures so compelling that a reasonably prudent person would be justified in terminating employment." *Id.*

■ Allen has presented no substantive argument that her resignation was for good cause. Allen's main objection to the reassignment seemed to be the extra travel time that was involved, approximately 11 miles each way. However, this reason, without further explanation as to why this imposes a hardship, does not represent a "compelling" external pressure. Consequently, we agree with the Commission's determination that Allen's resignation was not for good cause.

■ The Commission also appeals the circuit court's determination that Green Ridge attempted to assign the contract to Sedalia. The circuit court held that Allen's contract was one for personal services and, thus, was not assignable without Allen's permission. The circuit court concluded from this determination that Allen had the right to refuse the assignment and did not resign her position. The circuit court stated that the Commission had incorrectly applied the law on this issue.

The circuit court's finding that the Commission erred on this issue is mistaken. The Appeals Tribunal's decision which the Commission adopted did not find that Allen's contract with Green Ridge had been assigned to Sedalia. Allen was faced with three options, one of which was to accept a reassignment of her job location while she would still be employed by Green Ridge under her then existing contract. There is no evidence in the record that Green Ridge attempted to effect an "assignment" of its rights and duties under the contract to Sedalia. Therefore, without regard to whether Allen's contract was one for personal services, the circuit court's finding that it was assigned was not supported by the evidence and must be reversed.

The Commission found that Allen voluntarily abandoned her position when she refused to accept reassignment to Sedalia and this abandonment was without good cause so that Allen was ineligible for unemployment benefits. The Commission's findings were supported by substantial and competent evidence and the circuit court improperly substituted its judgment for that of the Commission in making factual findings to the contrary. The circuit court also erred in determining that the contract was one for personal services which Green Ridge improperly sought to assign to Sedalia without Allen's consent. The circuit court's decision is reversed and we remand the case for a reinstatement of the Commission's order and any further necessary proceedings consistent with this opinion.

Reversed and remanded.

All concur.