BLUE HILLS HOMES
CORPORATION,
Appellant,

v.

Christine YOUNG, Martha Harvey, Nancy C. Worley, Dorthea Barton, Ruby S. Bates, Tomye Jones, Nancy H. Stone, Gwendolyn Forte, and Division of Employment Security, Respondents.

Nos. ED 79949-ED 79956.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 21, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 2002.

---

Lynne C. Kaiser, Kansas City, MO, for appellant.

Alan J. Downs, St. Louis, MO, for respondents.

MARY R. RUSSELL, Judge.

Blue Hills Homes Corporation ("Employer") appeals from a decision of the Labor and Industrial Relations Commission ("Commission") awarding unemployment benefits to teachers Christine Young, Martha Harvey, Nancy C. Worley, Dorthea Barton, Ruby S. Bates, Tomye Jones, Nancy H. Stone, and Gwendolyn Forte. Employer asserts on appeal that Commission erred in: (1) awarding benefits to the teachers because it acted in excess of its authority by failing to make the requisite finding that they were eligible for benefits; (2) awarding benefits to Nancy Stone even though a separate opinion was issued finding she was ineligible for benefits; (3) awarding benefits to the remaining seven teachers given that the wages paid to them exceeded their applicable weekly benefit amount plus $20.00; and (4) alternatively, finding that the teachers were not employed by an educational institution. Because no finding was made as to whether the teachers were eligible for benefits, we reverse and remand.

Employer is an agency that provides supplemental instruction in reading, math, science and language to private school students. The program is funded entirely by the U.S. Department of Education, which contracts with Employer to provide this service. Employer hires teachers to carry out this program. The teachers hired by Employer typically observe the same

school year schedule as the teachers employed in the schools where they are teaching.

All eight teachers had an employment contract with Employer to provide teaching services from August 23, 1999, through July 31, 2000. Although the teachers did not actually teach during the summer, they were paid in 24 equal installments throughout the year and received benefits during the summer, including health, life, and dental insurance.

At the end of the 1999–2000 school year, Employer knew that its contract with the Department of Education would be extended into the 2000–2001 school year. It was Employer's usual practice that any of its teachers who were not going to be retained were notified of such at the end of the preceding school year. All of the teachers involved herein received a copy of a questionnaire regarding their intention to return to work for the 2000–2001 school

year and all indicated an intention to return.[1]

The teachers filed for unemployment compensation benefits for the summer of 2000. Employer objected to these claims, arguing that it was an educational institution and that the teachers were not partially or totally unemployed as they received salary and benefits during the summer months. Division of Employment Security deputies determined that seven of the teachers could be paid benefits for the period between the 1999–2000 school year and the 2000–2001 school year based on services in an educational institution because they did not have reasonable assurance that they would be performing services for Employer in the 2000–2001 term as provided in section 288.040.3(1)(a), (d) RSMo 2000.[2] The deputies failed to find that any of the seven teachers were eligible for benefits as required by section 288.040.1, specifically that the seven teachers were partially or totally unemployed as

1. Two of these teachers resigned their positions during the summer of 2000 and did not return to Employer.

2. All future statutory references are to RSMo 2000 unless otherwise indicated. Section 288.040.3(1)(a) provides:

3. (1) Benefits based on "service in employment", defined in subsections 7 and 8 of section 288.034, shall be payable in the same amount, on the same terms and subject to the same conditions as compensation payable on the basis of other service subject to this law; except that:

(a) With respect to service performed in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years or terms, or during a similar period between two regular but not successive terms, or during a period of paid sabbatical leave provided for in the

individual's contract, to any individual if such individual performs such services in the first of such academic years (or terms) and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms;

. . . .

(d) With respect to services described in paragraphs (a) and (b) of this subdivision, benefits payable on the basis of services in any such capacity shall be denied as specified in paragraphs (a), (b), and (c) of this subdivision, to any individual who performed such services at an educational institution while in the employ of an educational service agency, and for this purpose the term "educational service agency" means a governmental agency or governmental entity which is established and operated exclusively for the purpose of providing such services to one or more educational institutions.

required by section 288.040.1(4).[3]

As to the eighth teacher, Nancy Stone, a deputy issued two determinations granting her benefits, but for different reasons. In one decision, the deputy determined that she could be paid benefits based on services in an educational institution because she did not have reasonable assurance. Another determination was made by the same deputy that Stone was eligible for benefits because the wages she received during the summer did not equal or exceed her weekly benefit amount plus $20 in that the wages paid were for work previously performed. Employer appealed all of the determinations regarding the teachers to the appeals tribunal of the Division of Employment Security, but did not specifically include in its letter of appeal an objection to the deputies' failure to make the requisite findings as to eligibility.

The appeals tribunal issued an opinion finding that all eight teachers, including Nancy Stone, were not disqualified for benefits under section 288.040.3 because Employer was not an educational institution or educational service agency. This opinion did not contain a finding that any of the teachers were eligible for benefits.

Paradoxically, the appeals tribunal issued a separate, contradictory opinion regarding claimant Nancy Stone.[4] In that separate opinion, the tribunal found that Nancy Stone was ineligible for benefits under section 288.040.1, which requires claimants to be unemployed. The tribunal relied on section 288.030.1(26)(b) for the definition of partially unemployed. This

section provides that the claimant must work less than full time during the week and must have wages payable in an amount less than her weekly benefit amount plus $20.00 to be considered partially unemployed for that week. Because of Employer's practice of paying a teacher's salary in 24 equal installments over the year, Stone had wages payable for each week well in excess of her weekly benefit amount plus $20.00. The appeals tribunal found she, therefore, was not unemployed during those weeks and was not eligible for benefits.

Employer appealed to Commission the appeals tribunal's determination that all eight teachers were not disqualified for benefits, as well as the tribunal's failure to determine their eligibility. Commission adopted the appeals tribunal's decision. Employer now appeals Commission's decisions finding all eight teachers not disqualified for benefits and its failure to determine their eligibility, which this court consolidated into one appeal.

We review the decision of Commission on appeal. Section 288.210. Commission's findings as to the facts, if supported by competent and substantial evidence, shall be conclusive in the absence of fraud. *Id.* Our jurisdiction is confined to questions of law. *Id.* We view the evidence in the light most favorable to Commission's decision and will set aside its findings only upon a determination that the findings are clearly contrary to the overwhelming weight of the evidence. *Chemtech Indus., Inc. v.*

---

**3.** Section 288.040.1 provides, in pertinent part:

    1. A claimant who is unemployed and has been determined to be an insured worker shall be eligible for benefits for any week only if the deputy finds that:

    . . . .

      (4) Prior to the first week of a period of total or partial unemployment for which

the claimant claims benefits he has been totally or partially unemployed for a waiting period of one week. . . .

**4.** This decision was not appealed to Commission or this court and, therefore, is not the subject of this appeal.

*Labor & Indus. Relations Comm'n,* 617 S.W.2d 121, 123 (Mo.App.1981).

We may modify, reverse, remand for rehearing, or set aside the decision of Commission only on the following grounds: (1) that the commission acted without or in excess of its powers; (2) that the decision was procured by fraud; (3) that the facts found by the commission do not support the award; or (4) that there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210.

■ In its first point on appeal, Employer argues that a finding of eligibility is a threshold issue that must be determined by a deputy pursuant to section 288.040.1, because if a claimant is not eligible for benefits, it is inconsequential whether the claimant is disqualified for benefits. In response, the Division of Employment Security, on behalf of the teachers, asserts that while eligibility is a valid issue to be raised on appeal, it is not appropriate to be raised here, as eligibility was not an issue before Commission. Rather, Commission's determination exclusively concerns whether the teachers were disqualified because of work performed for an educational institution or educational service agency.

■ Section 288.040.1(4) requires the deputy to make a finding that a claimant is eligible for benefits by being totally or partially unemployed before considering whether the claimant is otherwise disqualified for benefits. Nevertheless, the deputies made no such finding as to the teachers' eligibility for benefits. There is nothing in the record to indicate why eligibility was not addressed. Although the deputies found that the teachers were not disqualified for benefits, this determination is not commensurate with a finding that a claimant is eligible for benefits. *Scott County Reorganized Sch. Dist. R–V*

*v. Div. of Employment Sec.,* 670 S.W.2d 543, 544 (Mo.App.1984).

■ Employer initially protested the teachers' eligibility for benefits in its letter to the Division of Employment Security, arguing that salary and benefits were paid to the teachers during the summer of 2000. While Employer did not include the eligibility issue in its appeal to the appeals tribunal referee, it did include this issue in the appeal to Commission. Regardless, eligibility for benefits, as set out in section 288.040.1, must be decided whether the issue is included in the employer's protest or not. *See John Epple Constr. Co. v. Labor & Indus. Relations Comm'n,* 647 S.W.2d 926, 929 (Mo.App.1983). We will not presume partial or total unemployment when the employer fails to protest it, and the burden is on the claimant to show eligibility for benefits. *See id. See also Francis Howell Sch. Dist. v. Labor & Indus. Relations Comm'n,* 687 S.W.2d 681, 684 (Mo.App.1985).

Employer cites and we find *Scott County Reorganized School District R–V v. Division of Employment Security* to be persuasive. In that case, the claimant was employed by the school district as a substitute schoolteacher. 670 S.W.2d at 544. After the claimant secured full-time employment elsewhere, she removed her name from the substitute teacher list. *Id.* When she was laid off from her full-time position, she applied for unemployment benefits from the school district that had employed her as a substitute teacher. *Id.* Even though the school district specifically protested the claimant's eligibility, Commission's decision solely addressed the issue of whether the claimant was disqualified for benefits given her separation from work at the school district. *Id.*

In reversing Commission's decision, our court found that a determination that a claimant is not disqualified for benefits

does not resolve the initial question of whether the claimant was otherwise eligible for benefits. *Id.* at 545. Because no findings were made as to eligibility, the case was remanded for that determination. *Id.*

In the instant case, the Division of Employment Security, on behalf of the teachers, relies on *Chemtech Industries, Inc. v. Labor and Industrial Relations Commission,* for the proposition that only a deputy can make a determination as to eligibility. Since the deputies made no determination as to the teachers' eligibility, the issue cannot be raised here.

In *Chemtech,* the deputy determined that the claimants were disqualified for unemployment benefits because there had been a work stoppage as a result of a labor dispute pursuant to section 288.040.6, but there was nothing in the record to indicate that the deputy determined that the claimants were eligible for benefits under section 288.040.1. 617 S.W.2d at 123. Upon appeal to the appeals tribunal, the referee considered only the issue determined by the deputy and did not address the issue of eligibility because it was not appealed. *Id.* at 125.

In *Chemtech,* we found that only the deputy can make the determination of eligibility in the first instance, and eligibility may be appealed only if the deputy addresses it. *Id.* at 125. Because there was no indication in the record that the deputy had determined the claimants' eligibility, our court found that the circuit court did not err in failing to rule on eligibility in accordance with section 288.040.1, as only the deputy could make that finding. 617 S.W.2d at 126.

We agree with the Division of Employment Security that the basic import of *Chemtech* is that the deputy must make the initial finding as to eligibility. In the absence of such a finding, however, we must remand the case to the deputy for a determination as to eligibility. *See John Epple Constr. Co.,* 647 S.W.2d at 929 (applying *Chemtech* and finding that in the absence of an initial determination of eligibility, remand to the deputy is necessary). Employer's first point is granted. Because it is dispositive, we need not address Employer's other arguments on appeal.

We reverse Commission's decision awarding unemployment benefits to the teachers and remand for a determination as to their eligibility for benefits pursuant to section 288.040.1.[5]

GEORGE W. DRAPER III, P.J. and MARY K. HOFF, J., concur.

---

5. We note that the separate opinion handed down by the appeals tribunal referee declaring Nancy Stone ineligible for benefits because she was not unemployed, as that term is defined in section 288.030.1(26), is equally applicable to all of the teachers. We are unable to discern from the record the reason for the disparate treatment of Nancy Stone compared with the other seven teachers.